UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELDRIDGE MCCLANEY,
                              Plaintiff,

                                                              Case # 14-CV-6473-FPG
v.
                                                                DECISION AND ORDER

UNITED CONTINENTAL HOLDINGS, INC., and
UNITED AIRLINES, INC.,

                              Defendants.

Defendants United Continental Holdings, Inc. and United Airlines, Inc. (collectively "United"), filed a Notice of Removal (Dkt. # 1), purporting to remove this case from the Supreme Court of the State of New York, County of Monroe, and invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

By Order to Show Cause dated January 21, 2015, I reminded the parties that federal district courts are ones "of limited jurisdiction, whose powers are confined to statutorily and constitutionally granted authority." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). I further directed the Defendants to demonstrate that their removal of this action was proper, since, as the removing party, they have the burden of demonstrating a "reasonable probability" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).

In their Response to the Order to Show Cause, the Defendants argue that the "Plaintiff did not object to Defendant's removal of this action to federal court on the basis of diversity jurisdiction." Dkt. # 6. While that statement is true, it is also irrelevant. As I stated in my prior Order, unlike personal jurisdiction, "subject matter jurisdiction is not waivable and may be raised

at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

Defendants also posit that Magistrate Judge H. Kenneth Schroeder's decision in *Dulski v. Intuitive Surgical, Inc.*, 10-CV-0234A(Sr), 2011 WL 578758 (W.D.N.Y. Jan. 19, 2011) is "particularly instructive" in this case. According to Defendants, in *Dulski*, "the complaint was silent as to the amount in controversy…and the Court looked beyond the complaint and notice of removal, and considered plaintiff's prior deposition testimony claiming a number of physical ailments. Based on this 'other evidence,' Magistrate [Judge] Schroeder concluded: 'This is more than sufficient to demonstrate a reasonable probability that plaintiff's damages exceed $75,000." Dkt. # 6. In my view, *Dulski* is easily distinguishable from the present case.

The medical records submitted in this case establish that the Plaintiff underwent knee surgery – which appears to have been successful – and that surgery was paid for by medicare and the Plaintiff's private health insurance. The medical records submitted further show the Plaintiff was only responsible for paying a series of modest co-pays, which amount to several hundred dollars. Indeed, the Plaintiff's Fed. R. Civ. P. 26(a) disclosures only list one category of damages being sought in this case, which the Plaintiff disclosed as "Medical Bills: amount unknown." Dkt. # 4. Notably, there is no mention of any other damages being sought, including pain and suffering, or other similar categories of damages. Nor is there any other documentation in the record to suggest or substantiate a "reasonable probability" of further claimed damages.

In contrast, the Plaintiff in *Dulski* brought medical malpractice and products liability claims, alleging that a knowingly defective robotic surgical device created a hole in his colon. He further alleged that because of the procedure, he "suffered erectile dysfunction, incontinence, urination out of his rectum, defecation and release of gas through his penis, discharge from his penis and passing of urine from his colon…plaintiff underwent an ileostomy, required a catheter

and colostomy bag, and underwent additional surgical procedures on February 9, 2007, April 4, 2007, November 9, 2007 and April 25, 2008." *Duslki*, 2011 WL 578758, at *2. Those claims were also supported by portions of the plaintiff's deposition testimony, which were attached to defendant's response to the motion to remand. *Id.* Based upon all of these claimed injuries and repeated surgeries, it is not surprising that Judge Schroeder found these allegations to demonstrate a "reasonable probability" that the damages would exceed $75,000.

On this record, I cannot conclude that there is a "reasonable probability" that the damages will exceed $75,000. The only record evidence before me demonstrates that the Plaintiff may have losses of several hundred dollars in medical expenses, which is the only category of damages delineated in her Rule 26(a) disclosures. Even if there were additional claimed losses for pain and suffering, I cannot conclude that the knee injury in this case would translate into losses of $75,000. It was the Defendants' burden to establish such a loss amount to a reasonable probability, but their submissions fall short. As such, the Defendants have failed to carry their burden to establish this Court's jurisdiction to hear this matter, and this case is remanded to the Supreme Court of the State of New York, County of Monroe, for lack of subject matter jurisdiction.

The Clerk of the Court is directed to close this case, and to transmit this Order to the Clerk of the Supreme Court of the State of New York, County of Monroe.

IT IS SO ORDERED.

DATED:     Rochester, New York
           March 4, 2015

_____
HON. FRANK P. GERACI, JR.
United States District Judge